ANDREW F. JOHNSON v. SARAH L. JOHNSON.

No. 12,915.   (71 Pac. 518.)

SYLLABUS BY THE COURT.

PRACTICE, SUPREME COURT—*Service of Case-made.*   Where it does not affirmatively appear in a proceeding in error that the case-made was made and served in time, there is a failure to show jurisdiction in this court and the same must be dismissed.

Error from Douglas district court; C. A. SMART, judge. Opinion filed February 7, 1903. Dismissed.

*William W. Nevison,* for plaintiff in error.

*Bishop & Mitchell,* and *Brownell & Poehler,* for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: An attack is made on the sufficiency of the record to give the court jurisdiction to review this case. The suggestion is that the record does not show that the case was made and served in time. Judgment was rendered on the 6th of June, 1901, and a motion for a new trial was filed within

three days thereafter. The time when this motion was acted upon was shown only in the following journal entry: "That thereafter, on the — day of September, 1901, again came said parties, by their attorneys, and said motion for a new trial was duly argued and submitted to the court." The motion having been overruled, the court gave thirty days (from what date?) in which to make and serve a case for the supreme court. Subsequently, this time was extended for fifteen days, and on the 11th day of November, 1901, the case was settled, all parties being present at the time.

By section 5034, General Statutes of 1901, a party desiring to make a case is given three days in which to serve the same on the opposite party. If he has longer time than this, it must be given to him by the court or judge, under the provisions of section 5035. After the original or extended time shall have elapsed without the case's having been served, the trial court or judge has no jurisdiction thereafter to extend it, or to settle and sign the case. It being essential to the jurisdiction of this court that the case be properly made and served within the time given by the statute or by the trial court or judge, it is necessary that the fact that it was so made and served affirmatively appear.

When a court of general cognizance once obtains jurisdiction of a given matter, all permissible presumptions will be indulged in as to the regularity and propriety of its acts therein. So we have held that, when a district court assumes to take up and pass upon a motion for a new trial, we will presume that it did so rightfully, although it is not shown that the motion was filed in time. But the right to settle and sign a case-made, involving, as it does, the timely service of the same, is a special matter and not one naturally

arising in the progress of a case ; it is rather one arising out of a special statute and in a specialized proceeding, and upon which is founded the right of a party to come into this court by means of a case-made.   Therefore, the antecedent facts upon which the jurisdiction of this court depends in this respect must affirmatively appear, and no presumptions can be indulged in to help out their absence.   These facts do not here appear, because it is not shown when the first thirty days given by the order of the trial court commenced to run ; hence, it is not shown that the case was either served or settled in time.   We must, therefore, hold that no jurisdiction is shown in this court.

The case will be dismissed.

All the Justices concurring.